For the reasons stated, the writ of mandamus is denied.

STATE OF CONNECTICUT *v.* ANONYMOUS (1971–9)*

SUPERIOR COURT

---

* Opinions on preliminary motions in criminal cases are thus entitled, in view of General Statutes § 54-90.

ARMENTANO, J. The defendant is charged with possession of a narcotic drug. He made a motion to suppress all evidence taken from him. The evidence, known as narcotics paraphernalia, includes a piece of brown paper bag wrapped around (1) a clear glass medicine dropper with attached yellow rubber bulb, and (2) a tan plastic base hypodermic needle with a currency collar insert.

The relevant facts are as follows: For two or three months prior to the defendant's arrest, police officers noticed that a 1969 Cadillac automobile, with Massachusetts plates, was being operated by the defendant in their area. It was common knowledge that the defendant was a narcotics user. On January 8, 1970, a police officer telephoned the registry of motor vehicles in Massachusetts and ascertained that this automobile had not had its registration renewed before January 1, 1970. On January 9, 1970, the officer, observing the automobile, which was being operated by the defendant, stopped it. Upon the officer's questioning of the defendant, a valid license and an expired 1969 registration were produced. Thereafter, the defendant was arrested for operating an unregistered motor vehicle (failure to have an up-to-date registration). The automobile was not stolen.

The officer asked the defendant to move his automobile off the street, which he did by parking it about fifty feet away, in a private driveway. The defendant was then told to get out of the automobile. Another police officer then arrived at the scene to assist. During this time, the defendant was eating

an ice cream sandwich. The defendant was then told to get into a police cruiser, wherein he was locked. Then he was told to get out, and he was frisked and patted by the two officers. The defendant was told to remove the contents of his pockets, which he did. After he emptied his pockets, the officers noticed a bulge in the left-hand pocket of a heavy leather coat he was wearing. One officer then put his hand into this pocket and removed this bulge, which consisted of narcotics paraphernalia. The defendant was then taken to the police station in a cruiser.

The bulge has been described as a little, slight one which did not amount to much; or a lump which was 3 to 4 inches long and $\frac{1}{4}$ to $\frac{1}{2}$ of an inch wide; or a bulge which was $1\frac{1}{2}$ inches wide, 5 inches long and $1\frac{1}{2}$ inches thick.

At all times, the defendant was courteous and non-hostile; made no threats by words, actions or gesture; used no vile, abusive or obscene language; did not attempt to run away; and was not intoxicated.

The fourth amendment to the constitution of the United States affirms the right of the people "to be secure in their persons . . . against unreasonable searches and seizures." This amendment permits only reasonable searches. There is no ready test for determining reasonableness of search and seizure. Each case must depend on its own facts and circumstances. What is a reasonable search involves a balancing of interests between the security of public order by the solution and prevention of crimes and a person's immunity from police interference into his privacy. *Commonwealth* v. *Hicks,* 209 Pa. Super. 1, 4. In this matter, there is no question that the police had a right to stop the defendant's vehicle and make an arrest for operating an unregistered motor vehicle. This offense is a minor one. General Statutes §§ 14-12, 54-2c.

The events subsequent to the arrest present the legal problems, issues and questions for this court. Some of the questions raised by this motion are: Do the police have a right to search the person following a lawful arrest for a minor traffic violation? Did the situation confronting the officer justify a search of the defendant's person? Were the search and the seizure reasonable under the total atmosphere of the case and the totality of its circumstances?

A search may be made if it is reasonably incident to a valid arrest. *Williams* v. *State,* 248 Ind. 66, 80 (separate opinion), cert. denied, 388 U.S. 917. A search incident to an arrest must have as one or more of its purposes discovery of (1) the fruits of a crime; (2) instrumentalities used to commit the crime; (3) weapons or like material which put the officer in danger or might facilitate escape; (4) contraband, the possession of which is a crime; and (5) material which constitutes evidence of the crime or evidence that the person arrested has committed it. *Amador-Gonzalez* v. *United States,* 391 F.2d 308, 314. There are, of course, no "fruits" of the sort of offense the defendant has committed. The only instrumentality is the automobile itself. Purposes (4) and (5) have no application here because they require probable cause as a predicate for the search. The facts and circumstances of this matter show no probable cause for believing that the defendant was guilty of a crime other than the traffic offense for which he was arrested.

As to (3), it was unreasonable to search the defendant for weapons or like material which put the officer in danger or might facilitate escape. There was no need to detain the defendant and place him in a locked cruiser. Once the minor motor vehicle violation arrest took place, the defendant should have been permitted to go. It is not ordinary police procedure physically to place a person in detention

or take him into custody for a minor motor vehicle violation. *Taglavore* v. *United States,* 291 F.2d 262, 265. Such a course of action was not necessary to the proper discharge of the officer's duty. The subsequent search of his person had no reasonable relation to his initial arrest and was not incidental to the crime of operating an unregistered motor vehicle.

A protective search in this matter was not reasonably necessary. The defendant was not potentially dangerous, nor was he reasonably suspicious. This is substantiated by the description of the bulge given by the police officers; by the demeanor, manner and conduct of the defendant; by the time of the arrest (2 p.m.); by the arrest on the street; and by the absence of information by the police officers that the defendant was dangerous or had committed a serious crime. Before a police officer places a hand on the person of a citizen in search of anything, the officer must have constitutionally adequate reasonable grounds for doing so, and, in the case of a self-protective search for weapons, the officer must be able to point to particular facts from which he reasonably inferred that the person searched was armed and dangerous. *Sibron* v. *New York,* 392 U.S. 40, 64.

An arrest may not be used as a pretext to search for evidence. To put it in other words, the search must be incident to the arrest and not vice versa. *United States* v. *Lefkowitz,* 285 U.S. 452, 465; *Taglavore* v. *United States,* supra. If the arrest is a sham or front for making the search, the ensuing search is illegal. *United States* v. *One 1963 Cadillac Hardtop,* 224 F. Sup. 210, 212. Here, the fact that (1) the police officers observed this automobile in the area for two or three months prior to the arrest, (2) an officer made a telephone call to the registry of motor vehicles, and (3) the defendant was a known narcotics user, as well as (4) the conduct of the

officers subsequent to the arrest, leads this court to believe that this arrest was merely a convenient excuse or pretext for conducting the search of the person of the defendant for narcotics. Suspicion that a defendant may possess narcotics on his person or in his automobile is not enough to justify a search. "Under our system suspicion is not enough for an officer to lay hands on a citizen. It is better, so the Fourth Amendment teaches, that the guilty sometimes go free than that citizens be subject to easy arrest." *Henry* v. *United States,* 361 U.S. 98, 104.

Accordingly, for the foregoing reasons, the court finds that the search of the person of the defendant transcended the bounds of reasonableness, and the evidence secured by this unreasonable search should be, and is, suppressed.

The motion to suppress is granted.